**FILED**

JUL 19 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

RICHARD L. WAGNER,

        Plaintiff,

   v.

UNION PACIFIC RAILROAD
COMPANY, a corporation,

        Defendant.

NO. CIV. S-03-0582 WBS GGH

MEMORANDUM AND ORDER

----ooOoo----

    Plaintiff Richard L. Wagner brought this action under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq., alleging three causes of action. Plaintiff's first cause of action arises from an incident occurring on February 16, 2002. Plaintiff's second and third causes of action arise from an incident occurring on March 22, 2002. Defendant moves for summary judgment on plaintiff's third cause of action.

///
///
///
///

1

I.   Factual and Procedural History

On March 22, 2002, plaintiff was working for defendant Union Pacific Railroad Company as a conductor on a train originating in Stockton, California. (Cmpl. ¶ 2; Nguyen Decl. Ex. 1 (Wagner Dep.) at 67:22-68:08). At approximately 4:00 a.m., plaintiff stopped at the Redding railroad yard ("Redding Yard") to set out seventeen railcars from his train to the siding. (Nguyen Decl. Ex. (Wagner Dep.) at 71:10-16).

While walking along the track to re-line the crossover switches to the main line, plaintiff allegedly stumbled and injured his knee when he stepped on a large rock. (Def.'s Statement of Undisputed Facts ("SUF") ¶ 3; Pl.'s SUF ¶ 3). According to plaintiff, the rock that caused him to stumble was approximately ten inches long by six inches wide. (Def.'s SUF ¶ 2). Plaintiff's orthopedic surgeon subsequently diagnosed him with a badly torn meniscus. (Nguyen Decl. Ex. 1 (Wagner Dep.) at 88:20-89:08).

The walkways adjacent to defendant's tracks, including those at the Redding Yard, are comprised of ballast, crushed rock compacted to pieces no larger than two and three quarters (2-3/4) inches. (Pl.'s SUF ¶¶ 1-2). According to defendant's Manager of Track Projects, Andrew Gonzales, large rocks and small boulders have been found in the ballast from time to time. (Gonzales Decl. ¶ 3).

The subject of defendant's summary judgment motion is plaintiff's third cause of action, in which he alleges that defendant violated California Public Utilities Commission ("CPUC") General Order ("GO") 118.

II. Discussion

The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Simply put, "a summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The non-moving party must show more than a mere "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

    1. Statutory Language

Section 53 of 45 U.S.C. deals with contributory negligence in cases brought under the FELA. The relevant portion of section 53 provides that:

> no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

The sole issue before the court on this motion is whether GO 118 is a "statute enacted for the safety of employees" for the purposes of section 53, thereby precluding the defense of

contributory negligence if a violation of that regulation is found to have contributed to plaintiff's injury. For the following reasons, the court concludes that it is.

Section 54a of 45 U.S.C. provides that:

> A regulation, standard, or requirement in force, or prescribed by the Secretary of Transportation under chapter 201 of Title 49, or by a State agency that is participating in investigative and surveillance activities under section 20105 of Title 49 is deemed a statute under sections 53 and 54 of this title.

45 U.S.C. § 54a.

GO 118 is a regulation prescribed by the CPUC.[1] The parties agree that the CPUC is a participating state agency under section 20105. Thus, pursuant to section 54a, GO 118 is "deemed a statue under section[] 53."

Section 53 adds another limitation, barring the defense of contributory negligence only where the statute violated was "enacted for the safety of employees." 45 U.S.C. § 53. The parties do not dispute that GO 118 was enacted for the safety of railroad employees. Therefore, GO 118 is a "statute enacted for the safety of employees" for the purposes of section 53.

Defendant argues that there is no reason why states enacting regulations in matters unrelated to federal safety regulations should be treated differently based on whether they are participating in enforcement efforts under the Federal

---

[1] GO 118 requires a railroad to file its "standards for the construction, reconstruction and maintenance of walkways adjacent to its tracks" with the CPUC and "observe its standards filed with the [CPUC]." Pursuant to GO 118, the standards "shall contain provisions for reasonably safe and adequate walkways adjacent to [the railroad's] tracks in all switching areas . . . ." Also, GO 118 provides that "[w]alkways shall provide a reasonable regular surface . . . ."

4

1  Railroad Safety Act ("FRSA"), 49 U.S.C. § 20105.  Defendant
2  points out that section 20105 provides only minimal standards in
3  determining which states may participate in investigative and
4  surveillance activities to enforce federal safety regulations,
5  and thus, which states' regulations will serve as statutes for
6  the purposes of section 53.  Section 20105 requires only that a
7  state possess a state regulatory agency that submits an annual
8  certification to the Secretary reporting all accidents,
9  describing the inspection practices of the agency, and stating
10 that the agency is conducting the investigative and surveillance
11 activity prescribed by the Secretary.  See 49 U.S.C. § 20105.
12 The language of section 54a and section 20105 simply reflects
13 Congress's belief that those are the only requirements necessary
14 to provide a basis for distinguishing between the state
15 regulations.
16         Defendant's arguments do not overcome the plain
17 language of the statutes.  Where the statutory language is clear
18 and consistent with the statutory scheme at issue, the plain
19 language of the statute is conclusive and the judicial inquiry is
20 at an end.  Botosan v. Paul McNally Realty, 216 F.3d 827, 831
21 (9th Cir. 2000).
22         The court finds no ambiguity in the plain language of
23 section 54a.  By its terms, the statute provides that *any*
24 regulation, standard or requirement by a state agency that is
25 participating in investigation and surveillance with the federal
26 government pursuant to section 20105 is a statute under section
27 53.  Under section 54a, promulgation by a certified state agency
28 is the only prerequisite for a regulation to be considered a

statute under section 53.

The language of section 54a distinguishes between "regulation[s] . . . prescribed by" the Secretary and those by the state agency. Reference to the FRSA is used to modify "regulation . . . prescribed by" the Secretary; only those regulations, standards and requirements promulgated by the Secretary "under chapter 201 of Title 49" are statutes for the purposes of section 53. However, reference to the FRSA is used to modify only the type of "State agency" rather than the type of regulation. Nothing in the language of the statute limits its application to a subset of the state agency's regulations, such as those relating to investigation or surveillance activities, or to federal safety regulations.

### 2. Case Law

Three cases have directly addressed the question of what state regulations fall within section 54a. In Whitley, the Oregon Court of Appeals interpreted the plain language of 45 U.S.C. § 437(c), the predecessor to section 54a, to provide that all state railroad regulations promulgated by agencies "certified" under FRSA are statutes for the purposes of section 53 as long as the state regulation has not been preempted by a federal statute or regulation. Whitley v. S. Pac. Transp. Co., 902 P.2d 1196, 1202-03 (Or. 1995).[2]

Section 437(c) differed slightly from section 54a, and

---

[2] The parties do not dispute that no federal statute or regulation preempts GO 118. See S. Pac. Transp. Co. v. Pub. Utils. Comm'n, 820 F.2d 1111 (9th Cir. 1987) (holding that California's track clearance and walkway regulations have not been preempted by a federal rule or regulation covering the same subject matter).

6

referred to "[a]ll orders, rules, regulations, standards and requirements in force, or prescribed or issued by . . . any State agency which is participating in investigative and surveillance activities . . . ." 45 U.S.C. § 437(c) (emphasis added).

The Whitley court emphasized the word "all" and found that "reference to investigation and surveillance activities describes only the type of agency to which the provision applies," and not the type of rules promulgated. Whitley, 902 P.2d at 1202-03. Although Congress removed the words "all" and "any" when it recodified the statute as section 54a, the House Report states that Congress intended to restate certain laws related to transportation without substantive change. See H.R. Rep. No. 103-180, at 1.

Recently, Magistrate Judge Hollows, in Anderson v. Union Pac. R.R. Co., No. CIV S-01-208 (E.D. Cal. Apr. 8, 2004), determined that a state railroad regulation is a statute under section 53. In reaching this decision, Magistrate Judge Hollows relied primarily on Whitley.[3]

In Haugen, Judge Coughenour determined that state railroad regulations that are directed toward enforcement of federal safety rules and regulations are statutes for the purposes of section 53, while those that are related to "other

---

[3] Magistrate Judge Hollows also relied on the Sixth Circuit's decision in Tyrell v. Norfolk S. Ry. Co., 248 F.3d 517 (6th Cir. 2001). However, in Tyrell, although the plaintiff based his FELA claim on a violation of a state railroad regulation, in its decision, the court only addressed the question of whether a federal statute or regulation preempted the state regulation. Tyrell, 248 F.3d 517. Therefore, the Tyrell decision offers little assistance in the court's consideration of what constitutes a statute under section 53.

7

matters for which there are no federal rules or regulations" are not. Haugen v. Burlington N. & Santa Fe Ry. Co., No. C00-1980C, 2001 WL 1852331, *2 (W.D. Wash. 2001). However, this court is not persuaded by the court's interpretation as its decision includes no statutory analysis or discussion, stating only that it found the defendant railroad's position to be "more reasonable." Id.

       3.  <u>Legislative Intent</u>

Although the plain language of section 54a is unambiguous in its application to GO 118, the court looks to the legislative history to ensure that there is no clear indication of contrary congressional intent. Cardenas-Uriarte v. Immigration & Naturalization Serv., 227 F.3d 1132, 1137 (9th Cir. 2000). In enacting the FELA, Congress intended to provide liberal recovery for injured railroad workers and intended "no static remedy, but one which would be developed and enlarged to meet changing conditions and changing concepts of industry's duty toward its workers." Kernan v. Am. Dredging Co., 355 U.S. 426, 432 (1958); see Urie v. Thompson, 337 U.S. 163, 174 (1949). Barring a railroad that violates a state railroad safety regulation from asserting a defense of contributory negligence is consistent with this intent.

The FRSA reflects Congress's belief that "safety in the Nation's railroads would [not] be advanced sufficiently by subjecting the national rail system to a variety of enforcement in 50 different judicial and administrative systems." (Pohle Decl. Ex. A (H.R. Rep. No. 91-1194 (1970) reprinted in 1970 U.S.C.C.A.N. 4104) at 4109). However, in enacting the FRSA,

Congress contemplated state involvement in ensuring railroad safety, stating that "the valuable assistance of the states will be very much needed to carry out this act," and included provisions for active state participation to assure railroad safety.  (Id. at 4105, 4116).  For example, pursuant to the FRSA, a state may:

> adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement.  A state may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when [it]
> . . .
> (2) is not incompatible with a law, regulation, or order of the United States Government . . . .

49 U.S.C. § 20106.  Moreover, referring specifically to the provisions of section 54a, the House Report states that the "regulations of participating states shall have the force and effect of law for the purposes of [section 53] . . . of the [FELA]."  (Pohle Decl. Ex. A (H.R. Rep. No. 91-1194 (1970) reprinted in 1970 U.S.C.C.A.N. 4104) at 4119).

Accordingly, the court determines that the plain language of section 54a contains no ambiguity and applies to GO 118.  This is consistent with legislative intent in enacting both the FELA and FRSA.  Because GO 118 is a safety statute for the purposes of section 53, plaintiff may assert a separate cause of action under the FELA premised on a violation of GO 118, in order to preclude the defense of contributory negligence.

///
///

            IT IS THEREFORE ORDERED that defendant's motion for summary judgment on plaintiff's third cause of action be, and the same hereby is, DENIED.

DATED: July 16, 2004

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

```
                United States District Court
                            for the
                  Eastern District of California
                         July 19, 2004


              * * CERTIFICATE OF SERVICE * *


                                      2:03-cv-00582

Wagner

      v.

Union Pacific Railrd
_____


I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  July 19, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


      Quynh L Nguyen                         SH/WBS
      Hildebrand McLeod and Nelson Inc
      350 Frank H Ogawa Plaza
      Fourth Floor
      Oakland, CA  94612-2006

      William H Pohle Jr
      Union Pacific Railroad Company
      Law Department
      10031 Foothills Boulevard
      Suite 200
      Roseville, CA  95747-7101




                                       Jack L. Wagner, Clerk

                                    BY: _____
                                         Deputy Clerk
```